# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

AMANDA MOJDEH RAISZADEH,
  Appellant,

  v.

DEPARTMENT OF HOMELAND
  SECURITY,
  Agency.

DOCKET NUMBERS
DC-0752-12-0648-I-2
DC-1221-12-0452-W-2

DATE: December 9, 2015

# THIS ORDER IS NONPRECEDENTIAL[1]

Thomas F. Hennessy, Esquire, Fairfax, Virginia, for the appellant.

Laura J. Carroll, Esquire, South Burlington, Vermont, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## ORDER

¶1    The appellant has filed a petition for review of the initial decision, which denied her request for corrective action in this individual right of action (IRA) appeal. For the reasons discussed below, we GRANT the appellant's petition for review and REMAND MSPB Docket No. DC-1221-12-0452-W-2 to the regional

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

office for further adjudication in accordance with this Order. Specifically, we find that it is necessary to remand the appeal for the administrative judge to assess whether the agency proved by clear and convincing evidence that it would have assigned the appellant an unacceptable performance rating and terminated her employment in the absence of her disclosure.

## BACKGROUND

¶2      The agency appointed the appellant to the position of Citizen and Immigration Services (CIS) Assistant in March 2007, and converted her position to a Supervisory CIS Assistant in April 2007. *Raiszadeh v. Department of Homeland Security*, MSPB Docket No. DC-0752-12-0648-I-2, Appeal File (I-2 AF), Tab 18 at 11-12. In November or December 2007, the appellant and a coworker met with the agency's Office of Inspector General (OIG). *See id*. at 38; *see also* Hearing Transcript (HT), February 27, 2014, Volume (Vol.) II at 154. On December 28, 2007, the appellant's supervisor (S.D.) rated her performance as unacceptable overall. I-2 AF, Tab 19 at 6-16. In a January 2008 letter to OIG, the appellant reported that a safe containing sensitive naturalization certificates had been left open in June 2007. I-2 AF, Tab 18 at 39. On February 19, 2008, S.D. issued a termination notice to the appellant that cited performance deficiencies during her probationary period.[2] *Id*. at 46-47.

¶3      In September 2011, the appellant filed a complaint with the Office of Special Counsel (OSC) asserting that the agency gave her a poor performance evaluation and terminated her in retaliation for her November 2007 disclosures to OIG, which included both the issue with the safe in June 2007, and information concerning other personnel problems in her office.[3] I-2 AF, Tab 9 at 43-64. The

---

[2] The agency later permitted the appellant to resign effective the day she was scheduled to be terminated. I-2 AF, Tab 18 at 50.

[3] In June 2008, prior to her OSC complaint, the appellant filed an equal employment opportunity complaint. *Raiszadeh v. Department of Homeland Security*, MSPB Docket No. DC-1221-12-0452-W-1, Initial Appeal File (W-1 IAF), Tab 7, Subtab 4h. She then

appellant filed this IRA appeal in April 2012.[4]  *Raiszadeh v. Department of Homeland Security*, MSPB Docket No. DC-1221-12-0452-W-1, Initial Appeal File (W-1 IAF), Tab 1.  Although OSC did not issue a close-out letter to the appellant until July 2012, I-2 AF, Tab 21 at 90-96, because over 120 days had passed since she filed her OSC complaint, her appeal was deemed ripe for adjudication, *see* 5 U.S.C. § 1214(a)(3)(B).

¶4       At the prehearing conference, the administrative judge found that the appellant nonfrivolously alleged that she made a protected disclosure to OIG in November or December 2007, concerning the June 2007 safe incident.  I-2 AF, Tab 26 at 6-7.  However, as to the other claimed disclosures, the administrative judge found either that the appellant failed to exhaust before OSC or that they were not protected.  *Id.* at 7-12.  She also found, concerning the alleged personnel actions taken by the agency, that the Board only had jurisdiction over the appellant's performance appraisal and her termination.  *Id.* at 12-13.

---

filed a civil action in Federal court.  W-1 IAF, Tab 7 at 3-18 of 36.  The U.S. District Court for the Eastern District of Virginia granted the agency's motion for summary judgment of the civil action in March 2012.  *Id.*

[4] During the processing of the IRA appeal, the administrative judge opened a case sua sponte to address the appellant's claim that she was constructively discharged, *Raiszadeh v. Department of Homeland Security*, MSPB Docket No. DC-0752-12-0648-I-1.  I-2 AF, Tab 26 at 2.  She then joined the appeals, dismissed them without prejudice, and, upon their refiling, found that the constructive discharge appeal was subsumed by the pending IRA appeal.  *Id.* at 2-3, 15.  The appellant, however, already filed a separate appeal concerning the same action when she filed her probationary termination appeal, MSPB Docket No. DC-315I-12-0444-I-1.  The administrative judge properly dismissed that appeal as withdrawn upon the appellant's representative's request, and neither party petitioned for review of the initial decision.  *Raiszadeh v. Department of Homeland Security*, MSPB Docket No. DC-315I-12-0444-I-1, Initial Decision at 1-2 (May 31, 2012).  Because the appellant already filed, and subsequently withdrew, an appeal of the same action, we dismiss the constructive discharge appeal, MSPB Docket No. DC-0752-12-0648-I-2, and herein provide the appellant with her further right to review with respect to that case.

¶5 After a hearing on the merits, the administrative judge denied corrective action.[5] I-2 AF, Tab 43, Initial Decision (ID) at 8-10. Specifically, she found that the appellant failed to prove that she made a protected disclosure because she did not have a reasonable belief that her disclosure was protected. *Id.* The administrative judge did not address whether the disclosure was a contributing factor in the appellant's performance appraisal or termination, or whether the agency proved by clear and convincing evidence that it would have taken those actions in the absence of the disclosure.[6]

¶6 The appellant has timely petitioned for review. Petition for Review (PFR) File, Tab 5. She argues that the administrative judge erred in finding that she did not make a protected disclosure because the safe incident constituted a violation of a law, rule, or regulation, as well as a policy violation and specific danger to public safety. *Id*. at 2. The agency has responded in opposition to the petition for review. PFR File, Tab 7. The appellant has filed a reply. PFR File, Tab 8.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶7 To establish a prima facie case of whistleblower retaliation, the appellant must prove, by preponderant evidence, that she made a protected disclosure that

---

[5] A hearing was held on February 27, 2014, I-2 AF, Tab 46, Hearing Compact Disc, and additional testimony was taken, via telephone, on March 12, 2014, I-2 AF, Tab 36, Conference Call Compact Disc (CCCD). The record contains a complete written hearing transcript, HT, of the February 2014 hearing. Although the appellant submits a copy of the conference call transcript on review, Petition for Review (PFR) File, Tab 5, Exhibit C, it is incomplete and it is not an official transcript.

[6] To the extent that the appellant now claims that she made disclosures concerning incidents with the safe other than the June 2007 incident, *see, e.g.*, PFR File, Tab 5 at 6, the Board does not have jurisdiction over such disclosures because the appellant has failed to exhaust them before OSC, *see Ward v. Merit Systems Protection Board*, 981 F.2d 521, 526 (1992).

was a contributing factor in a personnel action taken against her.[7]  *Lu v. Department of Homeland Security*, 122 M.S.P.R. 335, ¶ 7 (2015) (citing 5 U.S.C. § 1221(e)(1)).  If the appellant makes out a prima facie case, then the agency is given an opportunity to prove, by clear and convincing evidence, that it would have taken the same personnel action in the absence of the protected disclosure.[8]  *Id.* (citing 5 U.S.C. § 1221(e)(1)-(2)).

The appellant reasonably believed that her disclosure to OIG concerning the June 2007 safe incident evidenced a violation of an agency rule.

¶8      A protected disclosure is a disclosure of information that an appellant reasonably believes evidences a violation of any law, rule, or regulation, gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety.  *Linder v. Department of Justice*, 122 M.S.P.R. 14, ¶ 12 (2014).  To establish that an appellant made a protected disclosure, she need not prove that the matter disclosed actually established one of the categories of wrongdoing listed under 5 U.S.C. § 2302(b)(8)(A) or (B); rather, she must show that the matter disclosed was one that a reasonable person in her position would believe evidenced any of the specified categories of wrongdoing.  *Webb v. Department of the Interior*, 122 M.S.P.R. 248, ¶ 6 (2015).

¶9      We find that the appellant has proven this element based upon her disclosure of an agency rule violation.  *See* 5 U.S.C. § 2302(b)(8)(B)(i).  In November or December 2007, the appellant and a coworker met with OIG.  I-2 AF, Tab 18 at 38.  In the appellant's January 2008 letter to OIG, she thanked OIG for meeting with her and apologized for her delay in sending the information that

---

[7] A preponderance of the evidence is that degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue.  5 C.F.R. § 1201.4(q).

[8] Clear and convincing evidence is that measure or degree of proof that produces in the mind of the trier of fact a firm belief as to the allegations sought to be established.  5 C.F.R. § 1209.4(e).

they had discussed. I-2 AF, Tab 9 at 65. Specifically, she asserted, inter alia, that, on Friday, June 7, 2007, after she noticed that a safe containing naturalization certificates was left open, she reported the incident to S.D.[9] *Id.* The appellant further asserted that on the following Monday, when she conducted an audit and counted the naturalization certificates, 300 certificates were missing and that the documentation for the missing certificates was not given to her until a week later. *Id.*

¶10    The appellant asserts that her disclosure to OIG was protected, in part because she disclosed a violation of an agency law, rule, or regulation. PFR File, Tab 5 at 2. The Board has suggested that an agency "rule" includes established or authoritative standards for conduct or behavior. *Chavez v. Department of Veterans Affairs*, 120 M.S.P.R. 285, ¶ 25 (2013). The appellant testified that there were agency rules or regulations that required that naturalization certificates be kept secure and that an employee could be "terminated on the spot" for leaving the safe open. HT, Vol. I at 35-36. The appellant's belief that there was an agency rule regarding not leaving the safe open is supported by the agency's November 9, 2007 memorandum, issued to her work unit prior to her disclosures to OIG, that stated, "Employees who engage in security violations (e.g., safe left open . . . ) may be subject to disciplinary or adverse action." I-2 AF, Tab 19 at 5. That the safe incident was a violation of an agency rule is further supported by the Chief of Employment and Labor Relations (ELR), who testified that he believed the incident was a violation of agency policy. HT, Vol. I at 155. Accordingly, we find that a disinterested observer with knowledge of the essential facts known to and readily ascertainable by the appellant could reasonably

---

[9] A representative from OIG declared in May 2012, that there was no electronic record of the appellant's complaint. I-2 AF, Tab 19 at 17. However, a former OIG employee testified that he spoke to the appellant and received her letter. CCCD.

conclude that the safe incident evidenced a violation of an agency rule.[10] *See Chavez*, [120 M.S.P.R. 285](), ¶ 25 (finding that the appellant's disclosure that an employee violated a rule by borrowing money from a patient was protected because a disinterested observer with knowledge of the essential facts known to and readily ascertainable by the appellant could reasonably conclude that the conduct violated an agency rule).

<u>The appellant's protected disclosure was a contributing factor in her performance appraisal and termination.</u>

¶11     The most common way of proving that a disclosure was a contributing factor in a personnel action is the knowledge-timing test.[11] *Shannon v. Department of Veterans Affairs*, [121 M.S.P.R. 221](), ¶ 23 (2014). Under that test, an appellant can prove the contributing factor element through evidence that the official taking the personnel action knew of the whistleblowing disclosure and took the personnel action within a period of time such that a reasonable person could conclude that the disclosure was a contributing factor in the personnel action. *Id.* An appellant also may show that a protected disclosure was a contributing factor by proving that the official taking the action had constructive knowledge of the protected disclosure, even if the official lacked actual knowledge. *Nasuti v. Department of State*, [120 M.S.P.R. 588](), ¶ 7 (2014). One way of establishing constructive knowledge is by demonstrating that an individual with actual knowledge of the disclosure influenced the official accused of taking the retaliatory action. *Id.*

¶12     We find that S.D. at least had constructive knowledge of the appellant's disclosure. She was the official who assigned the appellant the unacceptable performance rating and terminated her. I-2 AF, Tab 18 at 46-47, Tab 19 at 6-16.

---

[10] The administrative judge found that the appellant did not reasonably believe that she was disclosing a danger to public health or safety. ID at 10. We see no reason to disturb this finding.

[11] The appellant's performance appraisal and subsequent termination constitute personnel actions as defined by [5 U.S.C. § 2302](a)(2).

There is testimony that S.D. knew about the appellant's disclosure to OIG by the end of November 2007, HT, Vol. II at 61-63, which S.D. disputes, *id.* at 161. However, the ELR Chief testified that he had knowledge of the appellant's disclosures to OIG. HT, Vol. I at 154. He advised S.D. about managing the appellant's performance and her decision to terminate the appellant. I-2 AF, Tab 18 at 32-37, 43-44. The supervisor of another unit also testified that she knew that the appellant made her disclosure to OIG around November and that S.D. often sought her advice about "issues" concerning the appellant. HT, Vol. II at 111. The agency does not dispute the testimony of either of these individuals. Thus, because those who advised S.D. concerning the personnel actions knew about the disclosure, we find that she had at least constructive knowledge of the disclosure. *See generally Aquino v. Department of Homeland Security*, 121 M.S.P.R. 35, ¶¶ 21-24 (2014).

¶13 Regarding the timing of the personnel actions, the Board has held that personnel actions that were alleged to have begun within 1 to 2 years of a disclosure satisfy the "timing" component of the knowledge-timing test. *See Schnell v. Department of the Army*, 114 M.S.P.R. 83, ¶ 22 (2010). Therefore, we find that the timing component also is met because agency officials became aware of the appellant's disclosure in late November/early December 2007, and the personnel actions took place shortly thereafter in December 2007, and February 2008, respectively.

The appeal is remanded to the administrative judge to assess whether the agency would have assigned the appellant an unacceptable performance appraisal and terminated her in the absence of her disclosure under the clear and convincing evidence standard.

¶14 Having found that the appellant established that her protected disclosure was a contributing factor in her unacceptable performance appraisal and termination, the burden now shifts to the agency to establish by clear and convincing evidence that it would have taken the same personnel actions in the absence of the protected disclosure. 5 U.S.C. § 1221(e)(2); *Aquino*, 121 M.S.P.R.

[35](#), ¶ 25.  Because the administrative judge concluded that the appellant failed to prove that she made a protected disclosure, she made no findings as to whether the agency met its burden in this regard by clear and convincing evidence.  ID at 10.  Based upon the nature and timing of the agency's actions and the appellant's disclosure, and the fact that the administrative judge heard the witnesses' testimony, we believe the administrative judge is in the best position to make the necessary factual and credibility determinations in the first instance to decide if the agency has established by clear and convincing evidence that it would have taken the same actions in the absence of the appellant's protected disclosure.  *See Mithen v. Department of Veterans Affairs*, [119 M.S.P.R. 215](#), ¶ 23 (2013) (remanding the question on the clear and convincing evidence standard to the administrative judge for, among other things, credibility determinations).  We accordingly remand the appeal to the administrative judge for an assessment of whether the agency met its burden by clear and convincing evidence under the standards articulated in *Whitmore v. Department of Labor*, [680 F.3d 1353](#), 1368 (Fed. Cir. 2012), and *Carr v. Social Security Administration*, [185 F.3d 1318](#), 1323 (Fed. Cir. 1999).  *See Mithen*, [119 M.S.P.R. 215](#), ¶ 24.  The administrative judge held a hearing in this matter and correctly informed the parties of their respective burdens of proof beforehand.  We deem the record complete.  If, however, the administrative judge deems it necessary for proper adjudication of this appeal to allow additional discovery or to conduct a supplemental hearing, she retains the discretion to do so.

## ORDER

¶15    For the reasons discussed above, we remand MSPB Docket No. DC-1221-12-0452-W-2 to the regional office for further adjudication in accordance with this Order.  This is the final decision of the Merit Systems Protection Board regarding the constructive discharge appeal in MSPB Docket No. DC-0752-12-0648-I-2.  [5 C.F.R. § 1201.113](#)(c).

## NOTICE TO THE APPELLANT
## REGARDING YOUR FURTHER REVIEW RIGHTS
## IN MSPB DOCKET NO. DC-0752-12-0648-I-2

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm.  Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.                                                                          The

Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.